David B. Kahl, Esq. Town Attorney, Hornby
You have asked whether one person may serve simultaneously as a member of the town board and as a member of the town board of assessment review.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
In a previous opinion of this office we found that the positions of town board member and member of a town board of assessment review are incompatible (1982 Op Atty Gen [Inf] 159). We based this conclusion on our finding that the town board appoints members of the board of assessment review and determines their compensation (ibid.; Real Property Tax Law, § 523). Thus, we found that one office is subordinate to the other. Also, in our 1982 opinion we pointed out that because of the staggered terms of members of the board of assessment review, the town board member could participate in the selection of other appointees to the board of assessment review upon which he would continue to sit. This creates at least an appearance of undue influence and control over his colleagues on the board.
In our previous opinion, we also noted that the appointment by a town board of one of its members to the board of assessment review is contrary to the common law rule that an appointing body may not appoint one of its own members to a public office (Wood v Town of Whitehall, 120 Misc. 124
[Sup Ct, Washington Co], affd on opn below 206 App. Div. 786 [3d Dept, 1923]). We found that section 523(1) of the Real Property Tax Law, providing that a majority of the board of assessment review is to consist of persons who are not officers or employees of the local government, was not intended as an exception to the rule of the Whitehall case. The provision means only that a town board is not prohibited from appointing a town officer or employee to the board (compare, 1972 Op Atty Gen [Inf] 135).
We conclude that a member of the town board may not also serve as a member of the town board of assessment review.